UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5301-PSG (SKx) | Date | September 18, 2024 |
|---|---|---|---|
| Title | Artem Karapetyan v. BMW Financial Services NA, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Kevin Reddick | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff Artem Karapetyan's ("Plaintiff") motion to remand. *See* Dkt. # 11-2. Defendant BMW Financial Services NA, LLC ("Defendant") opposed, *see* Dkt. # 15 ("*Opp.*"), and Plaintiff replied, Dkt. # 16 ("*Reply*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** Plaintiff's motion to remand.

I.     Background

Plaintiff alleges that, on December 9, 2020, he entered into a lease agreement with for a 2021 BMW M550i ("the Subject Vehicle"). *See Notice of Removal*, Ex. B ("*FAC*"), ¶¶ 14–19. The terms of the lease were devised and drafted by Defendant. *Id.* ¶ 22. On May 3, 2023, the Subject Vehicle was declared a total loss by Plaintiff's insurance company. *Id.* ¶¶ 24–25. The insurance company subsequently determined that the total loss amount was $65,831.61, which was $11,926.59 more than the adjusted lease balance of $53,555.02. *Id.* ¶¶ 26–28. Plaintiff alleges that Defendant collected the full sum of $65,831.61 and refused to remit Plaintiff's entitled equity sum under the terms of the lease agreement. *Id.* ¶¶ 27, 30–31.

On November 27, 2023, Plaintiff, a California resident, filed this action in Los Angeles County Superior Court against Defendant and Valencia B. Imports, Inc.[1] *See Notice of Removal*, Dkt. # 1, Ex. A. Defendant is a Delaware Corporation with its principal place of business in New Jersey. *See id.* ¶ 2. On December 29, 2023, Plaintiff filed a first amended complaint ("FAC"). *See FAC*. Plaintiff alleged five causes of action: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of California Business &

---

[1] On May 29, 2024, upon Plaintiff's request, Valencia B. Imports, Inc. was dismissed from this action. *See Notice of Removal*, Ex. D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5301-PSG (SKx) | Date | September 18, 2024 |
|---|---|---|---|
| Title | Artem Karapetyan v. BMW Financial Services NA, LLC | | |

Profession Code § 17200, et seq.; (4) violation of California Business & Profession Code § 17500, et seq.; and (5) violation of California Consumer Legal Remedies Act. *See id.* ¶¶ 58–142. Plaintiff's prayer for relief explicitly sought $119,886.73 in damages, plus recovery of incidental damages, consequential damages, punitive damages, restitution, injunctive relief, interest, attorney's fees and costs. *See generally id.*

On June 21, 2024, Defendant filed its notice of removal asserting that this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332. *See Notice of Removal*. On July 23, 2024, Plaintiff requested to dismiss the fraud and deceit cause of action and to strike the prayer for punitive damages from the FAC.[2] *See generally* Dkt. # 10. That same day, Plaintiff filed the motion to remand arguing that because he dismissed his fraud claim and no longer seeks punitive damages, his realistic amount of recovery is $11,926.59, and therefore Defendant cannot show the amount in controversy requirement is met under 28 U.S.C. § 1332. *See generally Mot.*

II.     Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

A federal court has subject matter jurisdiction based on diversity if (1) all plaintiffs and all defendants are citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[T]he amount in controversy is determined by the complaint operative at the

---

[2] The Court granted Plaintiff's request on September 18, 2024. *See* Dkt. # 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5301-PSG (SKx) | Date | September 18, 2024 |
|---|---|---|---|
| Title | Artem Karapetyan v. BMW Financial Services NA, LLC | | |

time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). The Ninth Circuit explained:

> When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant. So, for example, if a plaintiff files a complaint in state court and voluntarily dismisses a claim before removal, any relief that might have been awarded on the dismissed claim will not be included in the amount in controversy. Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.

*Id.* at 417. Accordingly, because removal is determined based on the pleadings that existed at the time of removal, Plaintiff's post-removal amendments to the pleadings are irrelevant. *See, e.g*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

Because the FAC affirmatively alleged an amount in controversy greater than the federal jurisdictional threshold in seemingly good faith, the amount in controversy requirement was "presumptively satisfied" unless it appeared to a "legal certainty" that Plaintiffs could not have actually recovered that amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .") (subject to exceptions not applicable here); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."). Plaintiff argues that it is legally certain that he cannot recover the full amount of $119,886.73 because the first cause of action and prayer for punitive damages are no longer valid. *See Reply* 9:9–13. That argument is misplaced as post-removal amendments are irrelevant. Accordingly, the Court concludes that it has diversity jurisdiction and therefore **DENIES** Plaintiff's motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5301-PSG (SKx) | Date | September 18, 2024 |
|---|---|---|---|
| Title | Artem Karapetyan v. BMW Financial Services NA, LLC | | |

III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**